IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARQUEAL HEWING,

Petitioner,

v.

MICHAEL HAFEMANN,

Respondent.

Case No. 15-cv-555-pp

**ORDER DENYING PETITION (DKT. NO. 1), AND DISMISSING CASE**

On May 8, 2015, the petitioner filed a *habeas corpus* petition pursuant to 28 U.S.C. §2241. Dkt. No. 1. In section 4 of the petition, the petitioner indicates that he is a pretrial detainee, awaiting trial on criminal charges. He alleges that he is being falsely imprisoned, illegally detained without probably cause, and denied due process. Dkt. No. 1 at 1. The case number the petitioner gives for his state court case is 2014CF005354. Id. at 2. While he states that he is in pretrial detention, he also indicates on page 2 of the petition that he appealed something on April 28, 2015, and again on May 1, 2015. He indicates that his third appeal was on April 23, 2015 (before his first two appeals). Later in the complaint, he states that these "appeals" were "criminal 'Motion[s] to Dismiss.'" Id. at 6.

On pages 6-8 of the petition, which ask the petitioner to state the grounds and supporting facts for his allegations, the petitioner cites various sections of the Wisconsin Criminal Code governing the process for issuing a

1

criminal case in state court. The petitioner appears to be arguing that he was arrested and held without probable case. He demands that that Milwaukee County District Attorney's Office dismiss all charges against him with prejudice.

The petitioner attached to the petition a criminal information in state case no. 2014CF005354, signed by an assistant district attorney on December 10, 2014. DKt. No. 1-1 at 1. The state brought two counts against the petitioner: one count of endangering the safety of another by using a dangerous weapon and by discharging the firearm into a building and one count of possession of a firearm by a felon. Id. Although the petition and attached documents do not make it clear, it appears that the petitioner has remained in custody since the initial arrest on November 26, 2014.

The petitioner also attached a November 26, 2014 probable cause statement signed by the arresting officer. Dkt. No. 1-1 at 2-3. In the probable cause statement, the officer alleged that, on November 20, 2014, an officer "investigated shots fired" at a convenience store and determined that a customer, "later identified as [the petitioner]," brandished a firearm outside of the convenience store after getting into an argument with the store clerk. Id. He then "fired two shots into the store that was occupied by several employees." Id.

Finally, the petitioner attached his April 29, 2015 motion to dismiss, alleging that he was arrested without a warrant and without probable cause. Dkt. No. 1-1 at 4-5.

2

Case 2:15-cv-00555-PP   Filed 08/26/15   Page 2 of 5   Document 7

A petitioner incarcerated while he awaits trial in state court "appropriately seek[s] relief under 28 U.S.C. §2241, as opposed to 28 U.S.C. §2254." Thomas v. Bartow, No. 10-CV-0613, 2011 WL 3516035, *3 (E.D. Wis. Aug. 11, 2011). Currently, the petitioner is incarcerated at Milwaukee County House of Corrections. Dkt. No. 1 at 1.

In order to decide whether to allow this case to move forward, the court first must determine whether the petitioner appears, on the face of his complaint, to have exhausted his state remedies on these claims. Richmond v. Scibana, 387 F.3d 602, 604 (7th Cir. 2004) ("A common-law exhaustion rule applies to §2241actions."). "Only in special circumstances will relief under §2241 be available to a state prisoner before trial." Tran v. Bartow, 210 Fed. Appx. 538, 540 (7th Cir. 2006) (internal quotation marks and citations omitted). Even if a petitioner can show special circumstances, a court will only provide a remedy "if the prisoner has exhausted available remedies in the state courts." Id. (citation omitted).

The petitioner asserts that he has made three appeals challenging his detention. Dkt. No. 1 at 2-3. He asserts that on April 23, 2015, April 28, 2015, and May 1, 2015, he filed three separate appeals to Warden Michael Hafeman. Id. Each time, the petitioner received no result. Id. In the "other appeals" section of the petitioner, Id. at 6, the petitioner states that he filed a criminal motion to dismiss in Milwaukee County Circuit Court. Id. This occurred "between" April 28, 2015, April 30, 2015, and May 1, 2015. Id. The petitioner asserts that he received no results from that effort. Id.

3

The bottom line is that the petitioner is trying to argue in federal court, before the question even has been fully litigated in state court, that there was no probable cause for his arrest and detention. He challenges the sufficiency of the state court charges *during* his state court case. "To be eligible for habeas corpus relief under §2241, a federal pretrial detainee must first exhaust all other available remedies." Alden v. Kellerman, 224 Fed. Appx. 545, 546 (7th Cir. 2007)(citations omitted). When a pretrial detainee "challenge[s] the sufficiency of [the charges] during his criminal case, he can still pursue the challenge during his criminal appeal, see United States v. Alhalabi, 443 F.3d 605, 610-12 (7th Cir. 2006); United States v. Bjorkman, 270 F.3d 482, 492 (7th Cir. 2001) . . . ." Habeas corpus is not a substitute for trial and appeal in state court, and "[t]his rule must be strictly observed if orderly appellate procedure is to be maintained." Id. (citations omitted).

The petitioner will have several opportunities in his state court case to challenge his arrest, as well as the allegations against him—at his arraignment, at any probable cause hearing, through his motions to dismiss, through any suppression or other Fourth Amendment motions, and through his trial. If the Milwaukee County Circuit Court rules against him at any or all of those stages, he also will be able to appeal to the Wisconsin Court of Appeals and, if necessary, to the Wisconsin Supreme Court. The petitioner cannot use federal habeas law to "skip over" the state court and have a federal court decide, in the first instance, the issues of probable cause and guilt.

4

The court **DENIES** the habeas corpus petition and **DISMISSES** the case for failure to exhaust state remedies.

Dated at Milwaukee, this 26th day of August, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge